**EXHIBIT 2**

CONTAINS NONPUBLIC DIGITAL INFORMATION

**MAINE JUDICIAL BRANCH**

Claire-Roberta-Gartner _____ Plaintiff

v.

Carrington Mortgage Services LLC _____ Defendant
_____ Address

"X" the court for filing:
☒ Superior Court ☐ District Court
County: Androscoggin
Location (Town): Auburn
Docket No.: RE-23-8

**SUMMONS**
M. R. Civ. P. 4(d)

The Plaintiff has begun a lawsuit against you in the ☐ District ☒ Superior Court, which holds sessions at (street address) 2 Turner St _____, in the Town/City of Auburn _____, County of Androscoggin _____, Maine. If you wish to oppose this lawsuit, you or your attorney **MUST PREPARE AND SERVE A WRITTEN ANSWER** to the attached Complaint **WITHIN 20 DAYS** from the day this Summons was served upon you. You or your attorney must serve your Answer by delivering a copy of it in person, by mail, or by email to the Plaintiff's attorney, whose name and address, including email address appear below, or by delivering a copy of it in person or by mail to the Plaintiff, if the Plaintiff's name and address appear below. You or your attorney must also file the original of your Answer with the court by mailing it to: Clerk of ☐ District ☒ Superior Court,
2 Turner St _____, Auburn _____, Maine 04210
(Mailing Address)                                (Town, City)                                        (Zip)
before, or within a reasonable time after, it is served. Court rules governing the preparation and service of Answers are found at www.courts.maine.gov.

**IMPORTANT WARNING**: If you fail to serve an answer within the time stated above, or if, after you answer, you fail to appear at any time the Court notifies you to do so, a judgment by default may be entered against you in your absence for the money damages or other relief demanded in the Complaint. If this occurs, your employer may be ordered to pay part of your wages to the Plaintiff or your personal property, including bank accounts and your real estate may be taken to satisfy the judgment. If you intend to oppose this lawsuit, do not fail to answer within the requested time.

If you believe the plaintiff is not entitled to all or part of the claim set forth in the Complaint or if you believe you have a claim of your own against the Plaintiff, you should talk to a lawyer. If you feel you cannot afford to pay a fee to a lawyer, you may ask the clerk of court for information as to places where you may seek legal assistance.

Date (mm/dd/yyyy): 3/21/2023
Claire-Roberta Gartner
c/o 221 Pleasant Pond Rd
Turner, Maine [04282]

(☐ Attorney for) Plaintiff
Bar # (if applicable)
Address

Telephone/Email

(Seal of Court)

Linda S. Mason

Clerk

**ADA Notice**: The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services**: For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CV-030, Rev. 07/18                              Page 1 of 2                              www.courts.maine.gov
Summons

| | |
|---|---|
| STATE OF MAINE<br>ANDROSCOGGIN COUNTY | SUPERIOR COURT AUBURN<br>CIVIL ACTION<br>DOCKET NO. RE-23-8 |

Claire Roberta Gortner aka Claire Roberta Ellery aka Claire Roberta Patterson
Plaintiff,

v.

Carrington Mortgage Services LLC
Defendant

Party in interest, St. Mary's Hospital

Real Estate is involved at 221 Pleasant Pond Road, Turner, Maine purported mortgage recorded at Androscoggin County Registry of Deeds Book 7534, Page 211

---

1) Plaintiff, Claire Roberta Gortner, complains and asserts that I am entitled to the relief requested herein in like manner pursuant to Title 14, §6651, §5951 against the defendant Carrington Mortgage Services, LLC, and the other party in interest.

2) **Plaintiff** has the address 221 Pleasant Pond Road, Turner, Maine 04282.

3) **Defendant** is Carrington Mortgage Services, LLC here and after "THE BANK" is a Company with a principal place of business located at 1600 S. Douglas Road, STE 100 + 200A, Anaheim, California 92806. Here in after know now as THE BANK

4) Party in interest, St. Mary's Regional Medical Center is, upon information and belief, a principal place of business located at 93 Campus Ave., Lewiston, Maine 04240.

## FACTS

1) I, Claire Roberta Gortner, have domiciled at 221 Pleasant Pond Turner, Maine since 2008.

2) I state that the foreclosure proceeding Docketed as LEWDC-RE-2019-122 was fraudulent and because of the fraudulent action, THE BANK filed a "complaint for foreclosure …" at the Androscoggin Registry of Deeds with book 10234 page 111 on date 11/14/2019, putting a cloud, an apprehension on my title to the property which makes it impossible for me to enjoy the sale of the property as it voids my market value of the property.

3) THE BANK commenced foreclosure proceedings pursuant to 14 M.R.S. §6321 on October 23, 2019, against CLAIRE R. ELLERY F/K/A CLAIRE R. PATTERSON et al.

4) Statutes are contractual agreements that must be narrowly construed and must be read in the light most appropriate to the non-preparer, that would be me. THE BANK chose MRS Title 14 §6321. Commencement of foreclosure by civil action. Therefore, they must follow the letter of the statute; otherwise, the statute would be void for vagueness. "Expressio unius est exclusio alterius" That which is expressed is included and that which is not is excluded; the rule of statutory interpretation that says that if something is mentioned as being included, then anything that is not mentioned is by implication meant not to be included. This is the rule that must be used in interpreting MRS Title §6321. That which is expressed is included and that which is not is excluded; the rule of statutory interpretation that says that if something is mentioned as being included **"the Mortgage"** with **"the Endorsement"** on it", then anything that is not mentioned **"copies of copies"** is by implication meant not to be included as evidence of **"the Mortgage"** with **"the endorsements"** as it could not be shown by evidence of a copy of a copy as forwarded by THE BANK to the court.

5) The mortgage portion of the standing analysis requires the plaintiff to establish ownership of "the mortgage". See Harp, 2011 ME 5, ¶ 9, 10 A.3d 718. In Wilk. THE BANK never acquired the standing requirement as set forth by the legislature of the State of Maine in Title 14 §6321 nor The Supreme Court of the State of Maine.

6) "We determined that a party qualifies as a "mortgagee" or person claiming thereunder—and therefore has standing to seek foreclosure—only if that party can show both an enforceable interest in the note and ownership of the mortgage." Bank of America, N.A. v. Greenleaf "In the absence of any evidence that the Bank owned Greenleaf's mortgage, we conclude[d] that the Bank lacked standing to seek foreclosure on the mortgage and accompanying note." Bank of America, N.A. v. Greenleaf.

7) The Attorney for the purported plaintiff did not enter for submission "the mortgage" with "the endorsement on it" ever within the purported commencement of the proceedings or ever throughout the entirety of the proceedings the only evidence submitted was a copy of a copy clearly showing that they did not have ownership of "the mortgage" with "the endorsements" on it to prove standing to commence the foreclosure proceedings in the first place.

8) By way of "§6321, Commencement of foreclosure by civil action, **In pertinent part;** In order to state a claim for foreclosure upon which relief can be granted. **The mortgagee shall** certify proof of ownership of the mortgage note and **produce evidence of the** mortgage note, **mortgage** and all assignments and **endorsements of the** mortgage note and **mortgage.**" **(To be read "In order to state a claim for foreclosure the**

mortgagee shall produce evidence of the mortgage and endorsements of the mortgage".)

9) In Chase Home Finance LLC v. Higgins, Supreme Judicial Court of Maine set forth the eight elements of proof to support the judgment of foreclosure: First is **the existence** of "the" **mortgage**. The Bank never produces the Mortgage.

10) The noun **existence** means "the fact or state of being." I state there is no existence of the genuine mortgage with the endorsement on it.

11) **"The"** means an article which particularizes the subject spoken of. "The most unlettered man comprehends that **"a"** is indefinite, but **"the"** refers to an exact, genuine, certain object. In this case "the mortgage with the endorsements on it"."

1) (See Exhibit A) Transcript, STATE OF MAINE ANDROSCOGGIN COUNTY, ss. DISTRICT COURT CIVIL ACTION DISTRICT DOCKET NO. LEWDC-RE-19-122 CARRINGTON MORTGAGE SERVICES LLC, Plaintiff VS. JASON PATTERSON ET ALS, Defendants FORECLOSURE HEARING, MAY 26, 2022, LEWISTON, MAINE BEFORE: THE HONORABLE JENNIFER ARCHER APPEARANCES: ON BEHALF OF THE PLAINTIFF: JOHN MICHAEL NEY, ESQ. RECORDED BY: ? J.W., Clerk TRANSCRIBED BY: eScribers, LLC 7227 North 16th Street, Suite #207 Phoenix, AZ 85020

2) On the day of this purported foreclosure trial conducted via, not in person, zoom call, Plaintiff Claire Roberta Gortner, with two accompanying witnesses, are left locked out and standing in the Courthouse Hallway. Claire, by the enforcement of armed Judicial

Marshalls, is denied access to the courtroom trial room, denied right to visually and tactilely view the evidence and denied opportunity to be heard by Jennifer Archer.

3) Honorable Jennifer Archer asks at transcript page10 line 17 "What is – what is this exhibit?

4) At Line page 10 line 18, Mr. Gordon, purported witness for Carrington Mortgage Services at transcript page 10 line 18 "This is copy of a promissory note".

5) At transcript page 11 line 17, attorney Mr. Ney "I will represent to the court that I am in possession of the original note. This will be presented on Wednesday, June 1st for the court's Inspection".

6) At transcript page 11 at line 25, Mr. Gordon, "Exhibit B is a copy of a recorded mortgage".

7) At transcript page 12 line 1, the Court "What is book and page of the recorded mortgage?"

8) At transcript page 12 line 2, Mr Gordon, "7534, page 211."

9) Wherefore we pray that this honorable court order THE BANK to bring forward for submission the genuine mortgage with the genuine endorsement on it as is required to

10) We pray this honorable court find that there was never the genuine mortgage with the genuine endorsements on it, finding the foreclosure proceeding aforementioned is void.

11) I require and pray this court to assess treble damages on the fraudulent claim by THE BANK as they requested on a total of $375,591.09 on the judgment dated 8/13/2022 with 6.5% interest so as of this filing adjust the claim to 389,832.29, I am asking $1,169,496.85 to be rewarded to me as well as any other equitable and or lawful decision made by the court.

Sincerely,

3/21/2023

Claire-Roberta: Gortner

Verified on this the 21 day of March, two thousand and twenty-three (2023).
Before me, Deana S Pierce a Notary Public in and for the County of Androscoggin, State of Maine; appeared the above signatories known and made known to me did affirm the truth of the facts herein stated and placed his / her signature on this document on this the 21 day of March two thousand and twenty-three (2023).

Deana S Pierce
Notary Public Signature

My commission expires:

DEANA S PIERCE
NOTARY PUBLIC
ANDROSCOGGIN COUNTY
MAINE
MY COMMISSION EXPIRES JANUARY 3, 2026

# EXHIBIT A

1

STATE OF MAINE

ANDROSCOGGIN COUNTY, ss.    DISTRICT COURT

CIVIL ACTION    DISTRICT NO. VIII

DOCKET NO. LEWDC-RE-19-122

CARRINGTON MORTGAGE SERVICES LLC,

        Plaintiff

VS.

JASON PATTERSON ET ALS,

        Defendants

**FORECLOSURE HEARING**

MAY 26, 2022
LEWISTON, MAINE

BEFORE:

    THE HONORABLE JENNIFER ARCHER

APPEARANCES:

    ON BEHALF OF THE PLAINTIFF:
        JOHN MICHAEL NEY, JR., ESQ.

TRANSCRIBED BY:

    eScribers, LLC
    7227 North 16th Street, Suite #207
    Phoenix, AZ 85020



| | | |
|---|---|---|
| 1 | A | Yes. |
| 2 | Q | Is it regular practice for Carrington to keep these |
| 3 | | types of records? |
| 4 | A | Yes. |
| 5 | Q | Was each record made near or at the time of the event |
| 6 | | it describes by an individual with personal knowledge? |
| 7 | A | Yes. |
| 8 | Q | Are these records maintained on a regular and permanent |
| 9 | | basis with Carrington Mortgage? |
| 10 | A | Yes. |
| 11 | Q | Would you please inform the Court, who's the investor |
| 12 | | or economic beneficiary of the loans? |
| 13 | A | Judy Mae (phonetic). |
| 14 | Q | At this time please turn your attention to what is |
| 15 | | marked as Plaintiff's Exhibit A. |
| 16 | A | Okay. |
| 17 | Q | What is -- what is this exhibit? |
| 18 | A | This is a copy of a promissory note. |
| 19 | Q | What is the date of the note? |
| 20 | A | The date of the note is September 19, 2008. |
| 21 | Q | What address does this note cover? |
| 22 | A | 221 Pleasant Pond Road, Turner, Maine 04282. |
| 23 | Q | What is the original principal balance for this note? |
| 24 | A | 200,000. |
| 25 | Q | Who is the original lender? |



1  A    Taylor, Bean & Whitaker Mortgage Corp.
2  Q    Would you please identify the original interest rate?
3  A    6.5 percent.
4  Q    Please identify for the Court who signed the note?
5  A    The note was signed by -- signed by a Jason B.
6       Patterson and Claire R. Patterson.
7  Q    Mr. Gordon, are you familiar with the cost of an
8       endorsement on a (indiscernible) to a note?
9  A    Yes.
10 Q    Then speak to us, on page 3 of the note, there is an
11      endorsement to Frank (phonetic), my original lender,
12      Taylor, Bean & Whitaker Mortgage Corp; is that correct?
13 A    Yes.
14      MR. NEY:  Your Honor, Plaintiff moves to admit Exhibit A
15 into evidence.
16      (Plaintiff's Exhibit A Offered)
17      MR. NEY:  I will represent to the Court that I am in
18 possession of the original note.  This will be presented on
19 Wednesday, June 1st for the Court's inspection.
20      THE COURT:  Thank you.
21      Plaintiff's Exhibit A is admitted pending inspection.
22      (Plaintiff's Exhibit A Admitted)
23      BY MR. NEY:
24 Q    Mr. Gordon, please identify Plaintiff's Exhibit B.
25 A    Exhibit B is a copy of a recorded mortgage.

| | | |
|---|---|---|
| 1 | Q | What is the book and page of the recorded mortgage? |
| 2 | A | 7534, page 211. |
| 3 | Q | What is the date of this mortgage? |
| 4 | A | September 19, 2008. |
| 5 | Q | Who are the main borrowers on this mortgage? |
| 6 | A | Jason B. Patterson and Claire R. Patterson. |
| 7 | Q | Who is the original lender named for this mortgage? |
| 8 | A | Taylor, Bean & Whitaker Mortgage Corp. |
| 9 | Q | On page 2, what is the principal balance? |
| 10 | A | 200,000. |
| 11 | Q | On page 3, please identify the property address. |
| 12 | A | 221 Pleasant Pond Road, Turner, Maine 04282. |
| 13 | Q | Who signed this mortgage? |
| 14 | A | Jason B. Patterson and Claire R. Patterson. |
| 15 | Q | Mr. Gordon, is this the security instrument securing |
| 16 | | the debt obligation to the note you testified to under |
| 17 | | Exhibit A? |
| 18 | A | Yes. |
| 19 | Q | And finally, on the last page of this exhibit there's |
| 20 | | an Exhibit A. Full property description for the |
| 21 | | address you testified to; is that correct? |
| 22 | A | Yes. |
| 23 | | MR. NEY: Plaintiff moves to admit Exhibit B. |
| 24 | | THE COURT: Admitted. |
| 25 | | (Plaintiff's Exhibit B Offered) |



```
 1                         CERTIFICATION
 2      I HEREBY CERTIFY, that the foregoing, pages 1 through 19,
 3  is a true transcript of a CD recorded on Thursday, May 26,
 4  2022, at the Androscoggin County District Court located at
 5  Lewiston, Maine, of the case entitled, CARRINGTON MORTGAGE
 6  SERVICES LLC VS. JASON PATTERSON ET ALS, to the best of my
 7  professional skills and abilities.
 8
 9  October 5, 2022
10
11  _____
12  Ryan Dell'Erba, CDLT-263
    Court-Approved Transcriber
```

