UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CLAIRE ROBERTA GORTNER<br>a/k/a ROBERTA ELLERY<br>a/k/a CLAIRE ROBERTA PATTERSON,<br><br>           Plaintiff,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Docket No. 2:23-cv-00271-NT<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFF'S MOTION TO REMAND**

This matter comes before me on Plaintiff Claire Roberta Gortner's motion to remand this action. Judicial Notice for Remand with Order ("**Mot. to Remand**") (ECF No. 7). For the reasons that follow, the Plaintiff's motion to remand is **GRANTED**.

BACKGROUND

On March 21, 2023, Gortner filed a quiet title action in state court (Androscoggin Superior Court) seeking to have an earlier foreclosure judgment that was entered against her in Androscoggin District Court voided and seeking over one million dollars in damages from Defendant Carrington Mortgage Services, LLC ("**Carrington**") based on her allegations that she was denied access to the foreclosure hearing and that Carrington failed to produce "the genuine mortgage with the

genuine endorsements on it." Compl. 4–6 (ECF No. 1-4). She also names St. Mary's Regional Medical Center in Lewiston, Maine as an interested party. Compl. 1.

On July 12, 2023, Carrington filed a notice of removal, purporting to remove Gortner's action to federal court. Notice of Removal (ECF No. 1). On July 26, 2023, Gortner filed her motion to remand, arguing that Carrington's July 12, 2023 notice of removal was untimely as it was filed more than thirty days after the "summons and complaint delivery date" of April 21, 2023. Mot. to Remand 2.

## DISCUSSION

Removal to federal court is governed by 28 U.S.C. § 1446, which states that a defendant may remove any civil action from a state court by filing a signed notice of removal along with a copy of all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." *Id.* § 1446(b)(1); *see Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 72 (1st Cir. 2014) ("Section 1446(b)'s thirty-day clocks are triggered . . . when the plaintiffs' complaint or plaintiffs' subsequent paper provides the defendant with sufficient information to easily determine that the matter is removable." (emphasis removed)).

Carrington admits that service was made on April 21, 2023, and it agrees that its July 12th notice of removal is untimely. Rebuttal Resp. Regarding Mot. to Remand ("**Def.'s Resp.**") 2 (ECF No. 12). Carrington offers a half-hearted argument that Gortner should be "estopped from arguing the validity of service because it was Mr.

2

Mona[g]han who allegedly served process[ ] and executed the affidavits" and there is a "*Cok* Order" in place. Def.'s Resp. 3 (emphasis removed). Presumably Carrington means that Gortner should not be permitted to argue that the notice of removal was untimely based on the date of any accomplished service in which Monaghan had a hand. It is true that, pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993), this Court has imposed filing restrictions on Stephen Monaghan. *See* Final *Cok* Order, ECF No. 226 in No. 2:19-cv-00157-JAW. But whether Monaghan is prohibited from filing documents in federal court has no bearing on whether Monaghan can serve state court documents. The question is whether Carrington received a copy of Gortner's state complaint "through service or otherwise" on April 21, 2023. It concedes that it did.[1] The removal is timely under 28 U.S.C. § 1446(b)(1).

## CONCLUSION

For the reasons stated above, I **GRANT** the Plaintiff's motion (ECF No. 7) and **ORDER** that the case be remanded to state court. Further, although 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," I decline to impose any such award here.

---

[1] Carrington also suggests that, before addressing timeliness, I should decide whether Maine-based St. Mary's Regional Medical Center's presence as an interested party destroys diversity. A cardinal principle of judicial restraint is that "if it is not necessary to decide more, it is necessary not to decide more." *Rhode Island v. Shell Oil Prods. Co.*, 35 F.4th 44, 53 (1st Cir. 2022), *cert. denied* 143 S. Ct. 1796 (2023) (quoting *PDK Lab'ys Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment)). Here both roads would lead to remand, and in the interest of conserving judicial resources, I choose the path of least resistance.

SO ORDERED.

                                                /s/ Nancy Torresen  
                                                United States District Judge

Dated this 5th day of October, 2023.